UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, INC.<br><br>versus<br><br>EVELYN JACKSON WILKES<br>And QUEEN ESTER WILKES HINKLE | CIVIL ACTION NO. 3:07-222<br><br>SECTION C (JUDGE TYSON)<br><br>MAGISTRATE 1 (RIEDLINGER) |

## AMENDED COMPLAINT IN INTERPLEADER

NOW INTO COURT, through undersigned counsel, comes American General Life Insurance Company ("AG Life"), an insurance company incorporated under the laws of the State of Texas, with its principal place of business in Houston, Texas, and which does not have a principal place of business in the State of Louisiana, and which respectfully amends and entirely restates its Complaint in Interpleader to add a third defendant in interpleader, as follows:

1.

Jurisdiction herein is had under 28 U.S.C. § 1335 and under Rule 22 of the Federal Rules of Civil Procedure.

2.

Made a defendant herein is Evelyn Jackson Wilkes, a person of the full age of majority who resides in and is a citizen of the Parish of East Baton Rouge, State of Louisiana.

3.

Made a defendant herein is Queen Ester Wilkes Hinkle, a person of the full age of majority who resides in and is a citizen of Palm Beach County in the State of Florida.

4.

Made defendant herein is Ford Acceptance Corporation, a foreign company that is not licensed to do business in Louisiana.

5.

Jurisdiction is proper under 28 U.S.C. § 1335 because the policies of insurance at issue (the "Policies") have a value of more than $500.00, and adverse claimants Evelyn Jackson Wilkes and Queen Ester Wilkes are of diverse citizenship as defined in 28 U.S.C. § 1332. Under "statutory interpleader," diversity jurisdiction exists in cases such as this where a minimum of $500.00 is in controversy and at least two of the claimants to the funds are of diverse citizenship. AG Life seeks to deposit $200,000.00, the amount of the insurance policies at issue, plus accrued interest through April 16, 2007 of $822.00 in the total amount of $200,822.00 into the registry of the Court to abide the judgment of the Court.

6.

Venue is proper under 28 U.S.C § 1397 because claimant Evelyn Jackson Wilkes is a resident of this judicial district.

7.

On or about April 10, 2002, AG Life issued life insurance policy numbered X9011409 (the "First Policy") to John Henry Wilkes ("Insured") in the amount of $100,000.00. Patricia Ann Wilkes, the then-spouse of the Insured, was initially named as sole beneficiary of the Policy. See First Policy and attached Application, attached hereto as Exhibit 1.

8.

Subsequently, on or about November 17, 2003, AG Life issued life insurance policy numbered X9019202 (the "Second Policy") to the Insured in the amount of $100,000.00. Milo G. Allen, nephew of the Insured, was initially named as sole beneficiary of the Second Policy. See Second Policy and attached Application, attached hereto as Exhibit 2.

9.

The Insured changed the beneficiaries of both the First and the Second Policies several times over the years. On or about December, 20, 2005, at the request of the Insured, the beneficiary designation of the Policies was changed so that Queen Ester Wilkes Hinkle, daughter of the Insured, was listed as the primary and sole beneficiary of both the First and Second Policies with Gabriel Hinkle, Insured's granddaughter, listed as contingent beneficiary of both the First and Second Policies. See Beneficiary Designation Form and AG Life's letter of acceptance attached hereto as Exhibit 3.

10.

Subsequently, on or about March 20, 2006, at the request of the Insured, the beneficiary designation of the Second Policy was changed again and Evelyn Jackson Wilkes was listed as the primary and sole irrevocable beneficiary of the policy. No contingent beneficiary was listed. See Beneficiary Designation Form and AG Life's letter of acceptance attached hereto as Exhibit

4. The same action was taken with regard to the First Policy on April 3, 2006. See Beneficiary Designation form and AG Life's letter of acceptance attached hereto as Exhibit 5.

11.

The Insured died on December 9, 2006.

12.

American General admits that death benefits and interest through April 16, 2007 are due and payable under the Policies in the total amount of $200,822.00.

13.

Subsequent to the death of the Insured, Queen Ester Wilkes Hinkle, daughter of the Insured and a prior beneficiary of the Policies, notified AG life that she and her daughter (a prior contingent beneficiary) claimed an interest in the proceeds of both Policies. See Letters of Queen Ester Wilkes Hinkle attached hereto collectively as Exhibit 6. Ms. Wilkes Hinkle's claim is based in part upon her belief that her father, the Insured, lacked the mental capacity to execute the change of beneficiary forms processed by AG Life in March and April of 2006 listing Evelyn Jackson Wilkes as sole irrevocable beneficiary. Ms. Hinkle, through her attorney, submitted an adverse claim request with AG Life asserting her rights in the proceeds of the Policies on or about December 27, 2006. See Letter from Counsel dated December 27, 2006, attached hereto as Exhibit 7.

14.

On or about December 13, 2006, Evelyn Jackson Wilkes executed a claimant statement asserting her rights in the proceeds of the Policies as the primary beneficiary. See Claimant Statement dated December 13, 2006, attached hereto as Exhibit 8. On or about February 23, 2007, Ms. Wilkes then filed a complaint with the Louisiana Department of Insurance against AG

Life ("Complaint") seeking payment of the Policies' proceeds. See Complaint to Louisiana Department of Insurance dated February 23, 2007, attached hereto as Exhibit 9.

15.

The undersigned counsel was engaged in late January, 2007 for the purpose of possibly filing an interpleader. The undersigned communicated with counsel for Queen Ester Wilkes Hinkle, who indicated that he wanted to investigate his client's claim before an interpleader was filed, and who requested AG Life's assistance in making information available. Upon request, the undersigned forwarded to said counsel for counsel for Queen Ester Wilkes Hinkle certain documents from the claim file, and cooperated with counsel's efforts to interview the insured's broker, and also engaged in communications with attorneys who at the time were counsel for counsel for Queen Ester Wilkes Hinkle and Evelyn Wilkes, respectively. Ultimately, counsel for both claimants withdrew from their representation. See Letters of Withdrawal attached as Exhibit 10 and Exhibit 11, respectively.

16.

Subsequently, the undersigned counsel received telephone calls from Queen Ester Wilkes Hinkle and from Evelyn Wilkes, each of whom indicated that she did not wish to withdraw her claim.

17.

In addition, with respect to Policy No. X9019202, AG Life has received an Assignment of Benefits executed by Evelyn Jackson Wilkes, in the amount of $2,959.80, in favor of Winnfield Funeral Home. The said Assignment form also includes a Reassignment from Winnfield Funeral Home to Ford Acceptance Corporation, with a mailing address of Department 3016, P. O. Box 66255, Chicago, Illinois, 60666. A copy of said Assignment and Reassignment

Form, together with accompanying correspondence from Ford Acceptance Corporation, is attached hereto as Exhibit 12.

18.

By reason of the conflicting claims, AG Life is unable to establish the proper party entitled to receive the Policies' proceeds, and faces a potential for double or multiple liability for the proceeds, therefore, it is essential that the Court determine in this action the party to whom the proceeds are payable.

19.

AG Life seeks to deposit $200,822.00, the amount of the Policies' proceeds with accrued interest through April 16, 2007, in the registry of the Court to abide the judgment of the Court.

20.

AG Life is entitled to an order restraining each of the defendants in interpleader from instituting or pursuing any action against it for the recovery of the Policies' proceeds or any portion thereof. 28 U.S.C. § 2361.

21.

AG Life is further entitled to an order discharging it from any and all further liability in connection with the Policies, and upon its dismissal, an award out of the funds on deposit for reimbursement of its attorney's fees and costs incurred in this action.

WHEREFORE, American General Life Insurance Company respectfully prays that the Court order that Evelyn Jackson Wilkes, Queen Ester Wilkes Hinkle and Ford Acceptance Corporation be duly cited herein to respond to this Complaint and interplead their respective claims to the monies deposited in the registry of the Court;

That each of the defendants be restrained from instituting any action against American General Life Insurance Company for the recovery of any Policy proceeds;

That the Court discharge American General Life Insurance Company from any and all further liability in connection with the Policies;

That the Court order the Honorable Clerk of Court, Nick J. Lorio, to accept from American General Life Insurance Company the sum of $200,822.00 and to deposit same in the registry of the Court pending further orders of the Court;

That the Court award to American General Life Insurance Company all costs and reasonable attorney's fees incurred in connection with bringing this interpleader;

And that the Court award American General Life Insurance Company all other general and equitable relief to which it is entitled.

          Respectfully submitted,

          s/Covert J. Geary
          COVERT J. GEARY (#14280)
          Jones, Walker, Waechter, Poitevent,
           Carrère & Denègre, L.L.P.
          201 St. Charles Avenue, 49th Floor
          New Orleans, Louisiana 70170-5100
          Telephone: (504) 582-8276
          Telecopier: (504) 589-8276
          **Attorneys for American General**
          **Life Insurance Company**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, INC. | CIVIL ACTION NO. 3:07-222 |
| versus | SECTION C (JUDGE TYSON) |
| EVELYN JACKSON WILKES And QUEEN ESTER WILKES HINKLE | MAGISTRATE 1 (RIEDLINGER) |

## VERIFICATION

I, Ray Sawicki, am Claim Director of Plaintiff-in-Interpleader, American General Life Insurance Company. In that capacity, I have knowledge of the facts stated in the Complaint, and have custody and control over the documents attached to the Complaint. Based upon my personal knowledge and upon my review of the documents attached to the Complaint, that facts alleged in the Complaint are true and correct according to my knowledge, information and belief.

Sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746 this 10th day of April, 2007.

_Ray Sawicki_ (signature)

{N1640017.1}