UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY, INC** | **CIVIL ACTION NO. 3:07-222** |
| | **SECTION C (JUDGE TYSON)** |
| **VERSUS** | |
| | **MAGISTRATE 1 (RIEDLINGER)** |
| **EVELYN JACKSON WILKES And QUEEN ESTER WILKES HINKLE** | |

**************************************************************************

**DEFENDANT EVELYN JACKSON WILKES'
MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Defendant in Interpleader Evelyn Jackson Wilkes ("Ms. Wilkes"), who pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment dismissing all claims of Defendant in Interpleader Queen Ester Wilkes Hinkle ("Ms. Hinkle"), there being no genuine issues of material fact and Defendant Ms. Wilkes being entitled to judgment as a matter of law. As grounds for this motion, Defendant states the following:

1.

On April 4, 2007, American General Life Insurance Company ("AG Life") instituted this Interpleader action by filing a Complaint in Interpleader alleging that it may face the "potential for double or multiple liability" for the proceeds of two policies of life insurance issued to and insuring the life of Mr. John Henry Wilkes ("Decedent"). AG Life amended its complaint on April 10, 2007, naming Ford Acceptance Corporation as an additional defendant. As required by statute, AG Life deposited the proceeds from both policies plus interest, $200,822.00, in the registry of the court.

2.

At the time of his death, Decedent was married to Defendant Ms. Wilkes and Ms. Wilkes was the primary and sole irrevocable beneficiary for each of the life insurance policies issued by AG Life.

3.

Defendant Hinkle has provided no evidence to support her claim to the proceeds of either of the AG Life policies at issue herein.

4.

As more fully set forth in Defendant Ms. Wilkes' supporting memorandum, Defendant Hinkle can neither prove a prima facie case nor sustain her burden of proof regarding the allegations described in the Amended Complaint in Interpleader.

5.

Defendant Ms. Wilkes respectfully suggests that there are no genuine issues of material fact regarding any of the causes of action challenged in this motion for summary judgment.

6.

Defendant attaches and incorporates into this motion the following documents:

Defendant's Statement of Uncontested Facts;

Defendant's Memorandum in Support of her Motion for Summary Judgment; and,

Exhibit 1 – Affidavit of Evelyn Jackson Wilkes.

7.

Defendant relies upon and incorporates by reference Exhibits 1, 2, 4 and 5 of Plaintiff's Complaint in Interpleader.

8.

The deadline for completion of discovery, filing of motions to compel, and filing of dispositive motions is currently set for October 26, 2007.

WHEREFORE, for the reasons set forth fully in the accompanying memorandum, Defendant Ms. Wilkes prays that her Motion for Summary Judgment be granted, dismissing all claims of Defendant Hinkle, at her cost, to the proceeds of the two, AG Life policies in the amount of $200,822.00, which sum is currently held on deposit in the registry of the court.

Respectfully submitted,

**MODICA & DOWDEN**
**Attorneys at Law (LC)**

s/Ric Reulet, Jr.
Bar Roll No. 30687
12812 Coursey Boulevard
Baton Rouge, LA 70816-4598
Telephone: (225) 752-1800
Telecopier (225) 752-3391
**Attorney for Evelyn Jackson Wilkes**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, has been served either electronically, pursuant to Court procedure, or by First Class United States Mail, postage pre-paid, to the following counsel of record:

Covert Geary
cgeary@joneswalker.com

Ford Acceptance Corporation
c/o Philip Mandell
39 South Lasalle Street, Suite 1220
Chicago, IL 60603

Queen Ester Hinkle
P.O. Box 18055
West Palm Beach, FL 33416-8055

Baton Rouge, Louisiana, this 14th day of August, 2007.

s/Ric Reulet, Jr.