UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN GENERAL LIFE** **INSURANCE COMPANY, INC** | **CIVIL ACTION NO. 3:07-222** |
| | **SECTION C (JUDGE TYSON)** |
| **VERSUS** | |
| | **MAGISTRATE 1 (RIEDLINGER)** |
| **EVELYN JACKSON WILKES** **And QUEEN ESTER WILKES HINKLE** | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

This Memorandum is submitted on behalf of defendant, Evelyn Jackson Wilkes ("Ms. Wilkes"), in support of her Motion for Summary Judgment seeking the dismissal of all claims of Defendant Queen Ester Wilkes Hinkle ("Ms. Hinkle").

**FACTUAL AND PROCEDURAL HISTORY**

American General Life Insurance Company ("AG Life") issued two life insurance policies ("the policies") to Mr. John Henry Wilkes insuring his life, prior to his death on December 9, 2006. The first policy, number X9011409 in the amount of $100,000.00, was issued on April 10, 2002 (Attached to AG Life's Complaint in Interpleader as Exhibit 1). The second policy, number X9019202, also in the amount of $100,000.00, was issued on November 17, 2003 (Attached to AG Life's Complaint in Interpleader as Exhibit 2).

On March 7, 2006, John Henry Wilkes signed a Change of Beneficiary form which named Ms. Wilkes as the primary and sole irrevocable beneficiary of the second policy, number X9019202.

Pursuant to the designation provided by its insured, on March 20, 2006, AG Life notified its insured that it had changed the beneficiary designation of this policy to Evelyn Jackson Wilkes. The Change of Beneficiary form and AG Life's notification of the change were attached to AG Life's Complaint in Interpleader as Exhibit 4.

On March 29, 2006, John Henry Wilkes signed a Change of Beneficiary form which named Ms. Wilkes as the primary and sole irrevocable beneficiary of the first policy, number X9011409. Pursuant to the designation provided by its insured, on April 3, 2006, AG Life notified its insured that it had changed the beneficiary designation of this policy to Evelyn Jackson Wilkes. The Change of Beneficiary form and AG Life's notification of the change were attached to AG Life's Complaint in Interpleader as Exhibit 5.

Ms. Wilkes witnessed her husband's signature on both of the Change of Beneficiary forms naming her as the primary and sole irrevocable beneficiary, as attested to in her affidavit attached hereto as Exhibit 1. No other change of beneficiary forms were completed by Mr. John Henry Wilkes prior to his death.

On December 13, 2006, subsequent to her husband's death, Ms. Wilkes executed a claimant statement asserting her rights, as the named primary beneficiary, to the proceeds of the two policies at issue herein. Nevertheless, before AG Life processed Ms. Wilkes' claim to the proceeds of the policies, Defendant Ms. Hinkle alleged that she was entitled to the proceeds of the policies.

Although Defendant Ms. Hinkle provided no proof to support her claim, AG Life instituted this interpleader action to avoid double or multiple liability. AG Life deposited the proceeds from both policies plus interest, a total of $200,822.00, in the registry of the court.

AG Life amended its original complaint on April 10, 2007, naming Ford Acceptance Corporation as an additional defendant based upon an Assignment of Benefits with respect to Policy No. X9019202 in the amount of $2,959.80, in favor of Winnfield Funeral Home. The assignment includes a Reassignment from Winnfield Funeral Home to Ford Acceptance Corporation (see Exhibit 12 attached to Plaintiff's Amended Complaint in Interpleader).

## **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(C); see also, *Gowesky v. Singing River Hospital Systems*, 321 F. 3rd 503, 507 (5th Cir. 2003). If Defendant meets its initial burden of establishing there is no genuine issue of material fact, the burden shifts to Plaintiff to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id.* Doubts are resolved in favor of the non-moving party and reasonable inferences are drawn in favor of the non-moving party. *Id.* Plaintiff cannot rely on conclusory allegations in its pleadings; rather, it must set forth sufficient evidence to require a fact finder to resolve the differing versions of the truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). If Plaintiff fails to establish an element for which it bears the burden of proof, Defendant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## LAW & ARGUMENT

A.   THE UNDISPUTED EVIDENCE ESTABLISHES THE PROPRIETY OF DEFENDANT WILKES' CLAIM TO THE LIFE INSURANCE PROCEEDS

In Louisiana, an insurance contract is the law between the parties, and every provision therein must be construed as written. *Thibodeaux v. Doe*, 602 So.2d 1076, 1078 (La.App. 1st Cir.), *writ denied*, 605 So.2d 1377 (1992). In order to effect a change of beneficiary, strict compliance with the terms of the insurance policy regarding such changes is required. *Wickham v. Prudential Ins. Co. of America*, 366 So.2d 951, 953 (La.App. 1st Cir.1978); *American General Life Ins. Co. v. Fine*, 944 F.2d 232, 234 (5th Cir.1991).

Each of the two policies of insurance issued to John Henry Wilkes by AG Life contain the same "CHANGE OF OWNERSHIP OR BENEFICIARY" provision, which states:

> You may change the Owner or the Beneficiary at any time during the lifetime of the Insured unless the previous designation provides otherwise. To do so, send a Written request to Our Home Office in a form acceptable to Us. The change will go into effect when We have recorded the change. However, after the change is recorded, it will be deemed effective as of the date of Your Written request for change. The change will be subject to any payment made or action take by Us before the request is recorded. (Page 19, Exhibits 1 and 2 of Plaintiff's Complaint in Interpleader).

Prior to his death, Mr. John Henry Wilkes followed the necessary procedure to change the beneficiary on the policies to Evelyn Jackson Wilkes, his wife at the time. In fact, Ms. Wilkes actually witnessed his signature on each of the Change of Beneficiary forms (see Defendant Wilkes' Affidavit attached as Exhibit 1). Upon receipt of the properly completed Change of Beneficiary requests, AG Life acknowledged their compliance with their insured's wishes (see Exhibits 4 and 5 attached to AG Life's Complaint in Interpleader).

The Complaint in Interpleader states that Defendant Hinkle claimed John Henry Wilkes lacked the mental capacity to complete the change of beneficiary forms naming his wife, Ms. Wilkes, as the primary and sole irrevocable beneficiary. However, in Louisiana, the capacity to contract is presumed. *Standard Life & Acc. Ins. Co. v. Pylant*, 424 So.2d 377 (La.App.2d Cir.1982), *writ den*ied, 427 So.2d 1212 (La.1983). Exceptions to the presumption of capacity to contract must be shown quite convincingly and by the great weight of the evidence. *First Nat. Bank of Shreveport v. Williams*, 346 So.2d 257 (La.App.3d Cir.1977); *Kennedy v. Bearden*, 471 So.2d 871 (La.App.2d Cir.1985).

Regarding an attack on a noninterdicted decedent's contracts, Louisiana Civil Code article 1926 states that:

> A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences lack of understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.

Furthermore, it is well settled that the changing of a life insurance beneficiary is not a gratuity. *Standard Life Ins. Co. v. Taylor*, 428 So.2d 1294 (La.App.3d Cir.1983); *Sizeler v. Sizeler*, 170 La. 128, 127 So. 388 (La.1930).

In this case, since the contract was not gratuitous, the change of beneficiary forms at issue were not completed within thirty days of death, and no application for interdiction had been filed, the only possible legal challenge to the forms must provide evidence that they demonstrated a lack of understanding. However, no such evidence has been provided by Defendant Hinkle, nor can one reasonably draw such an inference from a properly completed Change of Beneficiary form in which

a grown man with no prior mental illness named his *wife* as the primary beneficiary of his life insurance policies.

There is no evidence in the record to support Defendant Hinkle's apparent claim to the proceeds of the policies, only her unfounded allegations. In order to dispute facts demonstrated by the evidence in support of summary judgment, **Defendant Hinkle must offer evidence and cannot rely on conclusory allegations**. *See Punahele v. United Air Lines, Inc.*, D.Colo.1991, 756 F.Supp. 487. Since there is no such evidence in the record, there is no genuine issue of material fact and Ms. Wilkes is entitled to summary judgment as a matter of law.

## CONCLUSION

Mr. John Henry Wilkes initially named *a former spouse*, Patricia Ann Wilkes, the beneficiary of AG Life policy number X9011409 and *his nephew*, Milo G. Allen, the beneficiary of AG Life policy number X9019202. He later completed multiple change of beneficiary forms with regard to each these policies, at one point naming his daughter, Ms. Hinkle, as the primary beneficiary. Nevertheless, the last beneficiary he named for both policies was his *current* wife, Ms. Evelyn Jackson Wilkes.

Defendant Ms. Hinkle, a *former* named beneficiary, now claims entitlement to the proceeds of both policies but has submitted no proof to support her claim. Absent evidence to the contrary, Ms. Wilkes is clearly entitled to the proceeds of the policies based upon the valid Change of Beneficiary forms naming her the primary and sole irrevocable beneficiary of each policy and AG Life's subsequent acknowledgment of the change.

Considering the law and evidence, Defendant Ms. Wilkes respectfully requests that this court grant her motion and enter summary judgment in her favor and against Defendant Hinkle, at Defendant Hinkle's cost. Defendant further requests that upon the granting of her motion, this Court order that the proceeds of the subject life insurance policy, plus interest, be released to defendant Evelyn Jackson Wilkes, subject to the assignment in favor of Defendant Ford Acceptance Corporation.

Respectfully submitted,

**MODICA & DOWDEN**
**Attorneys at Law (LC)**

s/Ric Reulet, Jr.
Bar Roll No. 30687
12812 Coursey Boulevard
Baton Rouge, LA 70816-4598
Telephone: (225) 752-1800
Telecopier (225) 752-3391
**Attorney for Evelyn Jackson Wilkes**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, has been served either electronically, pursuant to Court procedure, or by First Class United States Mail, postage pre-paid, to the following counsel of record:

Covert Geary
cgeary@joneswalker.com

Ford Acceptance Corporation
c/o Philip Mandell
39 South Lasalle Street, Suite 1220
Chicago, IL 60603

Queen Ester Hinkle
P.O. Box 18055
West Palm Beach, FL 33416-8055

Baton Rouge, Louisiana, this 14th day of August, 2007.

s/Ric Reulet, Jr.