UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, INC. | CIVIL ACTION NO. 3:07-222 |
| V. | SECTION C (JUDGE TYSON) |
| EVELYN JACKSON WILKES and QUEEN ESTER HINKLE | MAGISTRATE 1 (RIEDLINGER) |

**REPLY MEMORANDUM TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

The opposition filed by Queen Ester Wilkes Hinkle to the Motion for Summary Judgment filed by Evelyn Jackson Wilkes provides no authority whatsoever for this Court to support her collateral attack for the funds of the two life insurance policies at issue. This apparently was the basis for American General Life Insurance Company's failure to abide by its contractual and statutory duties in paying the policy proceeds of the two life insurance policies to the named beneficiary, Evelyn Jackson Wilkes. It appears that Ms. Hinkle originally contended to the insurance company that the signatures by Mr. Wilkes on the Change of Beneficiary forms were forged and further that Mr. Wilkes did not have the mental capacity to understand what he was doing in changing the name of the beneficiary on both policies to favor his new wife as the sole, irrevocable beneficiary. She has abandoned her forgery claims in the opposition memorandum.

The strict construction rule, which is generally used in Louisiana, requires that the change of beneficiary clause in a life insurance policy be strictly construed in order to determine whether the insured has effected a change of beneficiary. This fact has been judicially admitted by American General in the allegations of their interpleader. In some instances, however, the courts have permitted "substantial compliance" with the clause to suffice for a change of beneficiary. Substantial compliance is usually invoked in cases where the original beneficiary should not be entitled to the proceeds because he or she has interfered with the process of change. In *Woodmen of the World Life Ins. SSC vs. Hymel*, 544 So.2d 664 (La. App. 3 Cir. 1989), writ denied, 551 So.2d 629 (La. App. 1989), the Court noted that it is well established in Louisiana's jurisprudence that the technical requirements in connection with applications for the change of beneficiary in a life insurance policy is for the benefit of the insurer and such requirement may be waived by the insurer and no person may object to such waiver except one who has acquired a vested interest in the proceeds of the policy. The court citing the First Circuit case of *Philadelphia Life Ins. Co. v. Whitman*, 484 So.2d 266 (La. App. 3 Cir. 1986) , quoted from the case as follows:

> "Where a policy of life insurance reserves to the insured the right to revoke at any time a previous designation of beneficiary and to make a new designation of beneficiary, the beneficiary acquires no vested interest in the policy or its proceeds during the lifetime of the insured. Further, it is settled that substantial compliance by an insured with policy provisions for a change of beneficiary will be given effect where the intention of the insured to make a change is manifest and the change of beneficiary is not contrary to law and does not affect vested rights. *Smith v. American National Ins. Co.*, 25 So.2d 352 (La. App. 2 Cir. 1946) and cases therein cited.. It is equally well settled that the internal procedures established by the insurer in connection with applications for a change of beneficiary are mainly for the benefit of the insurer and do not operate to provide an exclusive method for a change of beneficiary. *Metropolitan Life Ins. Co. v. Richardson*, 27 F.So. 791, appeal dismissed, 109 F.2d 339 (5th Cir.); *Bland v. Good Citizens Mutual Benefit Assn.*, 64 So.2d 29 (La. App. 1 Cir. 1953). . ."

In the case at hand, the policies of insurance provide no provisions for a collateral attack by an unnamed beneficiary at the time of the insured's death. There are no allegations of fact in this case that Mr. Wilkes died as the result of foul play. Indeed, he died unexpectedly from natural causes. Defendant and mover has filed a Motion to Strike the Affidavit filed of Gwendolyn Starwood filed by Queen Ester Wilkes Hinkle in opposition to the Motion for Summary Judgment as clearly the Affidavit is inadmissible for the purposes of attacking the contract provisions as they existed at the time of Mr. Wilkes' death.

LSA- R.S. 22:647 provides:

> "A.   1.   The lawful beneficiary, assignee, or payee, including the insured's estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee or assignee or estate, existing at the time the proceeds or avails are made available for his own use..."

Absent a conventional agreement, no one has the vested right to the status of a beneficiary under a life insurance contract, if the contingent event which vests such right, the death of the insured, has not occurred; until then, the parties to the insurance contract are free to change the beneficiary, if such a change is permitted by its terms. *Jackson Nat. Life Ins. Co. v. Kennedy-Fagan*, 2003-0054 (La. App. 1 Cir. 2/6/04), 873 So.2d 44, writ denied, 2004-0600 (La. 4/23/04), 870 So.2d 307.

At the moment of John Wilkes' death, the proceeds of both life insurance policies issued by American General vested to the benefit of the named beneficiary under the policies, Evelyn Jackson Wilkes. American General should have paid the proceeds of the policies to the

named beneficiary within sixty (60) days as required under Louisiana law. La. R.S. 22:656. Defendant and mover herein, Evelyn Jackson Wilkes has filed a counterclaim against American General for their negligence in filing this interpleader action and adopts by reference as if copied *in extenso* herein, the allegations of her counterclaim. If Queen Ester Wilkes Hinkle felt that her father was of unsound mind, there are procedures under Louisiana law where she could have sought an interdiction. No such attempts were made.

Mover has filed a separate Motion to Strike the Affidavit filed in opposition to her Motion for Summary Judgment attempting to raise an issue of her father's mental competence at the time he signed the Change of Beneficiary forms. As set forth in the original memorandum in support of the Motion for Summary Judgment, this type of collateral attack is not supported under Louisiana law and, in fact, the law protects life insurers from claims by third parties upon payment of life insurance proceeds to a named beneficiary in compliance with the policy terms and conditions. As an alternative measure in the event this Court fails to grant movers Motion to Strike the Affidavit filed in opposition to this Motion, mover has filed the Affidavit of Reverand Bland Washington, Sr. Reverand Washington is the Pastor of Allen Chapel AME Church in Baton Rouge and knew John Wilkes and Evelyn Wilkes from December 2005 through the date of Mr. Wilkes' death in December of 2006. As set forth in his Affidavit, Mr. Wilkes was able to work on the ministerial staff and was capable of preaching at services when asked to. Reverand Washington saw no indication that John Wilkes was not of sound mind during the critical period of March and April of 2006 when he signed the Change of Beneficiary forms to reflect that he wanted his wife to be the sole, irrevocable beneficiary of both policies. To the extent the Court finds the Affidavit relevant (in light of the law already cited), the Affidavit is offered to show why Louisiana law has stuck with strict construction

of life insurance policies. One person's observations (especially when they have a pecuniary interest based on those observations) can be totally different than the observations of another person. This is the reason the law does not allow collateral attacks on life insurance policies that contain a named beneficiary in compliance with the contract terms and conditions. Accordingly, plaintiff's Motion for Summary Judgment should be GRANTED, and the proceeds deposited into the registry of the Court awarded to the plaintiff, allowing plaintiff to proceed on her counterclaim against American General for the reasons set forth in the Counterclaim.

        Respectfully Submitted:

        PERRY, ATKINSON, BALHOFF, MENGIS
          & BURNS
        2141 Quail Run Drive (70808)
        P. O. Box 83260
        Baton Rouge, LA  70884-3260
        Telephone: (225) 767-7730
        Facsimile: (225) 767-7967


        s/Daniel R. Atkinson, Jr., #18103
        Daniel R. Atkinson, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for Queen Ester Wilkes Hinkle and on American General Life Insurance Company by e-filing:

| | |
|---|---|
| Mr. Covert J. Geary | Mr. John N. Samaha |
| Jones, Walker | 820 North Street |
| 201 St. Charles Avenue, 49th Floor | Baton Rouge LA 70802 |
| New Orleans, LA 70170 | |

Baton Rouge, Louisiana, this 28th day of September, 2007.

s/Daniel R. Atkinson, Jr., #18103
Daniel R. Atkinson, Jr.