UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMERICAN GENERAL LIFE        CIVIL ACTION
INSURANCE COMPANY, INC.
                             NUMBER 07-222-RET-SCR
VERSUS

EVELYN JACKSON WILKES, ET AL.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from a attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 28, 2008.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMERICAN GENERAL LIFE　　　　　　　CIVIL ACTION
INSURANCE COMPANY, INC.
　　　　　　　　　　　　　　　　　NUMBER 07-222-RET-SCR
VERSUS

EVELYN JACKSON WILKES, ET AL

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion for Summary Judgment filed by defendant-in-interpleader Evelyn Jackson Wilkes. Record document number 24. The motion is opposed by defendant Queen Ester Wilkes Hinkle.[1]

American General Life Insurance Company, Inc. filed an interpleader action against Evelyn Jackson Wilkes and Queen Ester Wilkes Hinkle to determine who is the beneficiary on two life insurance policies issued to John Henry Wilkes. American General received competing claims on both policies from John Wilkes' wife, defendant Wilkes, and his daughter, defendant Hinkle. At the time of his death, the named beneficiary on both policies was defendant Wilkes. Defendant Hinkle challenged the validity of the Change of Beneficiary Forms designating defendant Wilkes as the sole

---

[1] Record document number 29. See also, record document number 72, supplemental opposing memorandum. Defendant Wilkes filed a reply memorandum. Record document number 45. After defendant Wilkes had already filed a second reply memorandum, she filed a motion for leave to file it. Record document numbers 82 and 83, respectively. Her motion was denied. Record document number 85. Her second reply memorandum has not been considered.

beneficiary and is attempting to recover the life insurance proceeds as the last properly named beneficiary. Specifically, defendant Hinkle claimed that John Wilkes lacked the mental capacity to complete the Change of Beneficiary Forms which named defendant Wilkes as the beneficiary.

In support of her motion, defendant Wilkes argued that capacity to contract is presumed under Louisiana law and defendant Hinkle is barred from attacking John Wilkes' beneficiary forms under Louisiana law. Defendant Wilkes noted that at the time of John Wilkes' death, no application for interdiction had been filed. Defendant Wilkes asserted that under Louisiana law, a life insurance policy is not a gratuitous contract and that the beneficiary form was executed more than 30 days before John Wilkes' death. Defendant Wilkes also argued that the forms do not demonstrate a lack of understanding by John Wilkes and that the record is devoid of any evidence to support defendant Hinkle's allegations that John Wilkes' did not have the capacity to contract when he signed the change of beneficiary forms.

Defendant Hinkle argued that when a party commits fraud and/or fraudulent practices, a contract may be attacked on the basis of the lack of capacity to contract despite the limitations of La.Civ.Code art. 1926. Defendant Hinkle relied on *Butler v. Austin,* 150 So. 449 (La.App. 2d Cir. 1933) and an excerpt from a Tulane Law Review article to argue that fraud is an exception to

2

the limitations of Art. 1926.[2]  In the alternative, defendant Hinkle asserted that error vitiated John Wilkes' consent to the change in beneficiary forms.

## Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the

---

[2] In her opposition memorandum defendant Hinkle asserted that this case "involved a change of beneficiary in a life insurance policy and the mental competency of the individual who effectuated the change of beneficiary." Record document number 72, opposition memorandum, p. 8. This is not correct. *Butler* involved the sale of 50 acres of land.  The suit was brought by the widow and heirs of the seller to nullify the sale.  Additionally, defendant Hinkle's memorandum inserted into the language quoted from *Butler* a citation to another case which was not actually cited in the *Butler* decision.  This was apparently inadvertent since the inserted case was decided in 1975, more than 40 years after *Butler*.

3

evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In this case the applicable law is found in La.Civ.Code art. 1926 which provides:

> A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences lack of understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.

In 1857 the Louisiana Supreme Court decided *Chevalier v. Whatley*, 12 La.Ann. 651 (La. 1857). The suit was brought to annul the acts of sale of two slaves, including the child of one of them. The plaintiffs asserted two grounds for annulling the sales: 1) the insanity of the vendor, and 2) fraud by the defendants. The court first found that the plaintiffs had not satisfied the then existing Louisiana Civil Code requirements for nullifying a contract based on the incapacity of the vendor by reason of insanity. It then held:

4

> When the contract is sought to be set aside upon another legal ground, to wit: for fraud, the state of mind of the defrauded party, at the time, may be proven, although the proof tends to show imbecility, and there has been no interdiction. Otherwise, frauds might be perpetrated upon weakminded men with more prospect of impunity, in case of detection and exposure before the courts, than upon men of ordinary intellect.

12 La.Ann. at *1.

This judicially created rule was later acknowledged in another case involving a sale, this time of a business and associated real estate. In *Baumgarden v. Langles*, 35 La.Ann. 441 (La. 1883), the Louisiana Supreme Court stated:

> We fully recognize the fact, however, that a person may be mentally ill and physically weakened by disease, without being legally incapacitated to contract, and the law extends its sheltering arms over such person to the extent of scrutinizing contracts made by them and protecting them from imposition, undue influence, improper advantage and other fraudulent conduct by persons dealing with them.

35 La.Ann. at *2.

The court went on to find that no concealment, no misrepresentations, no threats, no improper influence, and no advantage had been proven.

In *Vanosdel v. Hyce*, 15 So. 19, 46 La.Ann. 387 (La. 1894), another case brought to set aside a sale of real estate, the Louisiana Supreme Court again acknowledged the rule from *Chevalier*. However, the court concluded that it did not apply to the facts of the case because it was not proved that the seller was insane at the time of the sale or was notoriously weak-minded. The decision

5

made no mention of allegations of fraud or undue influence.

Louisiana Courts of Appeal have also acknowledged the authority, under *Chevalier*, to consider evidence of the state of mind of a deceased person where the action to annul a sale is based on specific allegations of fraud. In *Roach v. Chaisson*, 319 So.2d 872 (La.App. 3 Cir. 1975), the court stated:

> The *Chevalier* case, however, is authority for the proposition that evidence as to the state of mind of a deceased person is admissible where the action to annul is based on specific allegations of fraud beyond merely having purchased from a mentally incompetent person.

319 So.2d at 875.

Lastly, there is *Butler*. *Butler* also involved an action to nullify a sale of real estate. Although not citing *Chevalier*, the *Butler* court acknowledged that "unless fraud, or fraudulent practices on the party of the other party, bearing upon a material part of the contract, be alleged and proved," the limitations imposed by the Civil Code will bar a claim to annul the sale based on incapacity to contract.[3]

The quoted language from *Chevalier* does not create an exception to the limited ways of attacking the validity of a contract for incapacity to contract under Art. 1926. Rather, it explains an evidentiary rule which allows proof of the state of mind of the "defrauded party" when the contract is challenged on

---

[3] At the time of the decision, the relevant provisions of the Civil Code were contained in article 1788.

6

the ground of fraud, "even though the proofs tend to show imbecility," i.e. lack of capacity.[4]

Defendant Hinkle did not cite, nor did this Court find, any Louisiana Supreme Court or Court of Appeal case in which *Chevalier*, or *Butler*, was applied to any type of contract other than a sale of property.  Insofar as defendant Hinkle is asking this Court to interpret *Butler*, or *Chevalier* as its progenitor, as establishing an exception to Art. 1926 and then apply the exception to the change of an insurance beneficiary, her request must be denied.

Questions of Louisiana law are resolved "the way the Louisiana Supreme Court would interpret the statute based upon prior precedent, legislation, and relevant commentary." *Occidental Chemical Corp. v. Elliott Turbomachinery Co., Inc.,* 84 F.3d 172, 175 (5th Cir. 1996).  When the Louisiana Supreme Court has not addressed a specific legal issue, the federal court must make an "*Erie* guess" as to how Louisiana's highest court would resolve that issue. *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 564-65 (5th Cir. 2004); *Vulcan Materials v. City of Tehuacana*, 369 F.3d 882, 889 (5th Cir. 2004); *New Orleans Assets, L.L.C. v. Woodward*, 363 F.3d 372, 376 (5th Cir. 2004).

After considering the applicable law, i.e. Art. 1926, and the Louisiana Supreme Court cases cited above, this Court concludes that the Louisiana Supreme Court would not extend *Chevalier* or any

---

[4] *Chevalier*, 12 La.Ann. at *1.

7

of the other cited cases to create an exception to Art. 1926 and then apply the exception to the change of an insurance beneficiary.[5]

During the more than 150 years since the *Chevalier* case was decided the Louisiana Supreme Court has not applied a fraud exception to the requirements of Art. 1926 in a case involving the change of an insurance beneficiary or any similar aspect of insurance. Making an *Erie* guess, it is highly unlikely it would do so in a case such as this. *Chevalier* involved a sale of slaves, then considered property, and subsequent cases involved the sale of real estate. The circumstances of this case are much different from those in *Chevalier* and the other cases which cited it. It cannot be reliably predicted that the Louisiana Supreme Court would apply a fraud exception to Art. 1926 in a case challenging the change of an insurance beneficiary.

It is well established that under Louisiana law changing a beneficiary to a life insurance policy is not a gratuity. *Martin v. Metropolitan Life Ins. Co.*, 516 So.2d 1227, 1229 (La.App. 2 Cir. 1987), citing, *Standard Life Ins. Co. v. Taylor*, 428 So.2d 1294

---

[5] Defendant Hinkle's also relied on a one sentence excerpt from a comment in the 1948 Tulane Law Review. Record document number 72, p. 8, citing Ewin, *Contractual Incapacity of the Insane in Louisiana*, 22 Tul.L.Rev. 598, 601 (1948). While a learned treatise may be offered for it's persuasive value and as an explanation of a law or legal principles, it is not binding precedent. However, defendant Hinkle has not shown that the sentence quoted accurately states the law applicable to the facts of this case.

(La.App. 3 Cir. 1983), and *Sizeler v. Sizeler*, 170 La. 128, 127 So. 388 (La. 1930); *Metropolitan Life Ins. Co. v. Leban*, 2003 WL 22852211 (E.D. La. 2003).

### Analysis

A review of the record shows that defendant Hinkle cannot establish that John Wilkes lacked capacity to contract at the time he changed his beneficiary forms. There is no genuine dispute as to the non-existence of any of the Art. 1926 requirements necessary to challenge capacity of a deceased individual's contract. The contract, i.e. the change of beneficiary, was not gratuitous and was not made within 30 days before his death. John Wilkes was not interdicted nor had an application for his interdiction been filed before his death. Nor did the change of beneficiary forms themselves evidence any lack of understanding by him.

Because this Court has denied defendant Hinkle's requests to amend her petition to include a fraud or undue influence claim, her related arguments are not relevant.[6] But even if there is an applicable fraud or undue influence exception to Art. 1926, and even if defendant Hinkle's proposed allegations are considered,[7]

---

[6] See, record document number 71, Ruling Motion to Amend Answer. Defendant Hinkle's Second Motion to File Amended Answer to Complaint was denied in a ruling issued contemporaneously with this magistrate judge's report. Record document number 84.

[7] These are considered only to the extent they are supported by the affidavits filed with her oppositions memorandum, and then only to the extent the affidavits show that the affiants have
(continued...)

9

the proposed **factual** allegations - regarding the signing of the beneficiary forms - would not establish fraud or undue influence. Assuming John Wilkes had the capacity to contract,[8] that defendant Wilkes filled in most of both forms, that the designation was irrevocable, and that one form was signed a few days before the marriage, is not evidence from which a reasonable jury could find fraud or undue influence. To prove fraud defendant Hinkle would have to allege and prove that John Wilkes was mislead or deceived by defendant Wilkes about the substance or consequences of changing the beneficiary on his policies.[9] As noted in *Roach* and *Butler*,

---

[7](...continued)
personal knowledge and the facts would be admissible in evidence, as required by Rule 56(e), Fed.R.Civ.P. The affidavits of Louise Wilkes, John Wilkes' former spouse, George K. Francis, Jr., Gwendolyn Starwood and defendant Hinkle contain no information, based on their personal knowledge, about John Wilkes's decision to change the beneficiary of his insurance policies.

[8] If John Wilkes did not have the capacity to contract, the beneficiary forms would be invalid without regard to whether he was the victim of any fraud or undue influence. In other words, since lack of capacity would render any fraud or undue influence claim not material to the validity of the contract, capacity must be assumed for the fraud to be a material issue.

[9] In her Second Motion to File Amended Answer to Complaint in Interpleader, defendant Hinkle proposed to expand her previously denied fraud claim by adding numerous allegations which would purportedly show fraud or undue influence by defendant Wilkes. Record document number 76. Only four proposed allegations are relevant to the change of beneficiary forms:
9.
... The motive just mentioned included tricking him into, or coercing or improperly convincing him into, signing the change of beneficiary forms noted above, and at issue in this proceeding.
(continued...)

the "specific allegations" of fraud[10] or fraudulent practices must bear on the material part of the contract.[11]  There simply are no allegations nor any relevant summary judgment evidence sufficient to create a genuine dispute on this issue.

## Conclusion

Because (1) defendant Hinkle has not offered sufficient summary judgment evidence to create a genuine dispute regarding John Wilkes' capacity to contract at the time he signed the Change

---

[9](...continued)
...
10.
To be more specific ... Defendant Hinkle asserts the following chain of circumstantial evidence to evidence of fraud, or in the alternative, "undue influence":
...
   c) the change of beneficiary request on March 7, 2006 ... [was] apparently before the marriage, and the change of beneficiary request on March 29, 2007, ... [was] just a few weeks after the marriage,
   d) that, other than the date and signature of John Henry Wilkes, all other hand written inserts on the change of beneficiary forms were supplied by the hand of Evelyn Jackson Wilkes,
   e) both change of beneficiary designations were made irrevocable, ...

Like the allegations in defendant Hinkle's earlier proposed fraud claim, these allegations still do not meet the standard for alleging fraud "with particularity" as required by Rule 9, Fed.R.Civ.P.  See record document number 71, Ruling on Motion to Amend Answer, pp. 2-3.

[10] *Roach*, 319 So.2d at 875.

[11] *Butler*, 150 So. at 451.

11

of Beneficiary forms, (2) Louisiana law does not recognize a fraud or undue influence exception to Art. 1926 in a case to nullify a change of beneficiary form, (3) defendant Hinkle has not and cannot adequately allege fraud or undue influence regarding the Change of Beneficiary forms, and (4) no genuine issue of material fact exists in this case, defendant Wilkes is entitled to summary judgment as a matter of law.

### Recommendation

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by defendant Evelyn Jackson Wilkes be granted.

Baton Rouge, Louisiana, February 28, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE